**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **MARIO RICHARDS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **Case No. _____** |
| **V.** ) | **JURY DEMANDED** |
| ) | |
| **VINEBROOK HOMES, LLC,** ) | |
| ) | |
| **DEFENDANT.** ) | |

**COMPLAINT**

COMES NOW the Plaintiff, Mario J. Richards (hereinafter "Mr. Richards"), by and through counsel, and brings this action against Defendant VineBrook Homes, LLC (hereinafter "Defendant" or "Defendant VineBrook"), for compensatory and punitive damages arising from racial discrimination, wrongful and retaliatory termination, and violations of the Fair Labor Standards Act, and would show this Honorable Court and a jury of his peers the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Mario J. Richards, is a resident of Shelby County, Tennessee with a residential address of 3015 Shadow Green Lane, Lakeland, Tennessee 38002.

2. Defendant VineBrook Homes, LLC is a Delaware limited liability company with a principal place of business and mailing address located at 3500 Park Center Drive, Suite 100, Dayton, Ohio 45414.  Defendant can be served with process through its registered agent, C T Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.  Defendant operates its business in the state of Tennessee, with operations located at 4157 Willow Lake Boulevard, Memphis, Tennessee 38118.

3. Jurisdiction in this court is proper under 28 U.S.C. § 1331 as it pertains to a civil matter regarding violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-5, *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 203; Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*; the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304; and the Common Law.

4. All conditions precedent of jurisdiction under 42 U.S.C. §2000e-5(f)(3) have occurred or been compiled with, to wit: Mr. Richards submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (hereinafter "EEOC"), the "Right to Sue" letter was received by the Plaintiff on November 18, 2022 from the EEOC on the charge, and this action was filed within 90 days of receiving his "Right to Sue" letter. A copy of the "Right to Sue" letter is attached hereto as *Exhibit A*.

5. This action is also based upon a wrongful employment termination in violation of the laws and public policies of Tennessee.

6. This court has jurisdiction of Plaintiff's state law claim(s) pursuant to 28 U.S.C. §1367.

7. The acts upon which this lawsuit is based arose in Shelby County, Tennessee making venue proper in this Court.

8. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, and subject matter and venue, pursuant to 28 U.S.C. §1391(b), are proper in this court.

## FACTS

9. Plaintiff Mario J. Richards was an employee of Defendant VineBrook Homes, LLC from October 13, 2021 until his discriminatory, retaliatory and wrongful termination on or about April of 2022.

10. Mr. Richards is an African-American individual.

11. During his employment with Defendant, Mr. Richards was a highly valued individual who performed above and beyond the requirements of his position.

12. Mr. Richards operated diligently as a Maintenance Tech for Defendant.

13. Mr. Richards duties included providing maintenance services to various homes owned by Defendant.

14. During his employment tenure with Defendant, Mr. Richards was required to work past his forty (40) hours per week without receiving proper overtime pay or any other benefits which would accrue for his work performed past forty (40) hours in one work week.

15. Specifically, on average, Mr. Richards would work between 42-45 hours per week.

16. Mr. Richards hourly wage was approx. $20 per hour, which would entitle him to approx. $30 per hour when working overtime at time and a half pay.

17. For all hours work past the forty (40) hours per week, Mr. Richards was not paid his approx. $30 per hour, nor paid at all.

18. Mr. Richards reported this non-payment to his supervisor, but his request was never looked into and no back pay was ever received by Mr. Richards.

19. During his employment tenure with Defendant, Mr. Richards received complaints from resident regarding the housing conditions.

20. Specifically, these complaints came from residents of Defendant's properties.

21. Mr. Richards, as Defendant's employee, reported these complaints to the appropriate agents for Defendant.

22. Such complaints included uninhabitable condition reports and other like issues such as holes in roofing, trees leaning against exterior portions of housing, and other like hazardous instances affecting residential structures.

23. Upon reporting these issues, Mr. Richards would be admonished and treated unfairly and negatively.

24. Mr. Richards was admonished and treated unfairly for reporting the residents' complaints because these reported issues would affect pay bonuses for supervisors of Defendant.

25. Specifically, Mr. Richards was chastised by his supervisor, Mr. Sam (last name unknown), a Caucasian supervisor, for "making him look bad."

26. One week after reporting these issues, Mr. Richards' was discriminatorily, retaliatory, and wrongfully terminated for sham reasoning.

27. Such sham reasoning was that Mr. Richards failed a drug screen.

28. Specifically, this alleged failed drug test is sham reasoning because Mr. Richards had never been required, nor ever took a drug test for Defendant.

29. Therefore, such termination reasoning is an impossibility.

30. Additionally, when Mr. Richards asked to leave the meeting, he was not allowed to leave the meeting and was held there against his own free will.

31. Subsequently, Mr. Richards was terminated from his position without proper reasoning.

32. Defendant's wrongful and retaliatory termination was a pretext for Defendant's true motivation, which was discrimination based on Mr. Richards' race.

33. Defendant's wrongful and retaliatory termination was a pretext for Defendant's true motivation, which was based on retaliation for Mr. Richards' protected reporting of failure to pay overtime and housing condition issues.

34. At all times relevant, Ms. Richards was engaged in an at-will employment relationship with Defendant.

35. Due to the actions and/or omissions of Defendant, Mr. Richards was wrongfully terminated.

36. Ms. Richards was wrongfully terminated in violation of the public policies and mandates in place in the State of Tennessee.

37. Mr. Richards' termination was based upon, in part, the fact that he was African-American and such termination is in noncompliance with the public policies and mandates surrounding employment in the State of Tennessee.

38. At all times relevant hereto, Mr. Richards was not paid in compliance with Tennessee and Federal labor laws, including the Fair Labor Standards Act, due to failure to be paid for time worked past forty (40) hours.

39. Mr. Richards is not an exempt employee as defined under the Fair Labor Standards Act, and therefore falls squarely within the protections of the Fair Labor Standards Act.

## CAUSES OF ACTION

40. The allegations contained in paragraphs 1 through 39 of this Complaint are incorporated herein.

41. Defendant discriminated against Mr. Richards by wrongfully terminating him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964.

42. Defendant discriminated against Mr. Richards by terminating him on the basis of his race in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

43. Defendant discriminated against Mr. Richards by terminating him in retaliation for his protected reporting in violation of the laws and public policies of the State of Tennessee.

44. Specifically, Defendant's conduct complained of herein constitutes a violation of the laws and public policies regarding retaliatory and wrongful discharge in the State of Tennessee, including the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

45. Defendant retaliated against Mr. Richards by terminating him, in part, for making a protected reporting about uninhabitable living conditions, in violation of the Tennessee Public Protection Act ("TPPA"), Tenn. Code Ann. § 50-1-304.

46. Specifically, Defendant's conduct complained of herein constitutes a violation of the laws and public policies regarding retaliatory and wrongful discharge in the State of Tennessee, including the Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

47. Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 203, by failing to pay him the required overtime pay for all of Mr. Richards work performed past forty (40) hours.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court will enter a judgment against Defendant for the relief set forth herein including all compensatory damages available, back pay, front pay, equitable relief available, liquidated damages, punitive damages, damages provided for under the FLSA, reasonable attorneys' fees, interest, costs, and any further specific relief that the Plaintiff shows himself to be justly entitled.

RESPECTFULLY SUBMITTED this the 8th day of February, 2023.

*s/ Nicholas F. House*
Nicholas F. House (BPR #038959)
William A. Wooten (BPR #026674)
WOOTEN LAW OFFICE
120 Court Square East
Covington, Tennessee 38019
(901) 475-1050
(901) 234-0028/facsimile
Nick@wootenlawoffice.com
William@wootenlawoffice.com

I acknowledge myself as surety for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

*s/ Nicholas F. House*
WOOTEN LAW OFFICE